FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------x
In re:

                    Chapter 7
  ANTHONY J. RIOS,         Case No. 05-55002 (CGM)

       Debtor.

------------------------------------------------------------x

**MEMORANDUM DECISION STRIKING DEBTOR'S CHAPTER 7 PETITION
FOR FAILURE TO COMPLY WITH 11 U.S.C. § 109(h)(1)**

**CECELIA G. MORRIS, U. S. B. J. :**

  The issue raised in this matter is whether a Chapter 7 debtor's failure to seek credit counseling as required by 11 U.S.C. § 109(h)(1) or seek an extension of time to obtain the necessary credit counseling as set forth in § 109(h)(3) voids the bankruptcy filing completely, or merely renders the case subject to dismissal.  The Court finds that under these circumstances, the Chapter 7 case should be stricken, as opposed to dismissed.  In this case, the Debtor's failure to obtain credit counseling within the 180-day period prior to the filing of his bankruptcy petition, and the concomitant failure to move for an extension of time to do so and thereby make the showing necessary under § 109(h)(3)(A), made Debtor ineligible for bankruptcy relief and rendered his case *void ab initio*.  As no case was commenced by the filing of Debtor's bankruptcy petition, the Court does not reach the additional arguments[1] made by the U.S. Trustee in support of dismissal of the Chapter 7 filing.  The Court finds that no bankruptcy case was effectively commenced by the Debtor's petition and thus dismissal is not necessary.

---

[1] The U.S. Trustee had also argued that Debtor's case should be dismissed pursuant to 11 U.S.C. § 707(a)(3) for failure to comply with § 521(a)(1).

1

## JURISDICTION

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the standing order of reference to bankruptcy judges dated July 10, 1984 signed by acting Chief Judge Robert J. Ward. This is a core proceeding under 28 U.S.C. § 157(b). The following opinion constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rules 9014 and 7052.

## BACKGROUND FACTS

Debtor Anthony Rios (the "Debtor") filed the instant Chapter 7 petition on October 19, 2005. Debtor did not file his Schedules and Statement of Financial Affairs with his bankruptcy petition. These were due to be filed on November 3, 2005, but were not filed by the deadline. Debtor also failed to timely file a certificate credit counseling or move for an extension of time to file same pursuant to 11 U.S.C. § 109(h)(3).

On November 8, 2005, the U.S. Trustee moved to dismiss Debtor's Chapter 7 case, citing these deficiencies as grounds for dismissal, *see* ECF Docket No. 6. On November 10, 2005, two days after the Trustee's motion was made, Debtor filed his Schedules and Statement of Financial Affairs. Accompanying Debtor's schedules was a letter entitled "Opposition," *see* ECF Docket No. 10, drafted by Debtor's father, Jose Rios, who also signed Debtor's bankruptcy petition as the person who prepared Debtor's bankruptcy petition. The Opposition pleaded ignorance of the new requirements under BAPCPA and promised compliance within a short period of time. On November 17, 2005, Debtor filed his certificate of credit counseling.

2

## **DISCUSSION**

Section 301(a) of the Bankruptcy Code states in pertinent part that " A voluntary case under a chapter of this title is **commenced** by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 109(h)(emphasis added), added by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 ("BAPCPA") states in relevant part that:

> [A]n individual **may not be** a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis…

Alternatively, a putative debtor may be exempt from seeking the requisite credit counseling if she meets the requirements of § 109(h)(3). That section provides that an exemption is available to an individual who certifies to the Court: (1) that exigent circumstances merit a waiver of the requirements set forth in § 109(h)(1); and (2) that debtor sought but was unable to procure counseling services during the five days prior to the bankruptcy filing; additionally (3) such certification must meet the Court's satisfaction.

The Debtor neither sought credit counseling prior to filing the bankruptcy petition nor made the appropriate certification to the Court evidencing eligibility for an exemption. Recent case law interpreting § 109(h) indicates that a failure to make the requisite showing in a properly filed motion brought pursuant to 11 U.S.C. § 109(h)

3

requires the bankruptcy court not to merely dismiss, but to *strike* the bankruptcy filing, *see In re Hubbard,* 2005 WL 3117215 at * 8 (Bankr. S.D. Tex. Nov. 16, 2005). The court in *Hubbard* held that debtors who failed to make the requisite showing pursuant to § 109(h) were not eligible to be debtors, despite having obtained counseling post petition, relying on legal precedent that looked to the bankruptcy filing date as the date of determining eligibility for bankruptcy relief. Although the Debtor in this case did obtain credit counseling post-petition, the BAPCPA is clear that a debtor must undergo credit counseling prior to filing for bankruptcy absent requesting, and being granted, an exemption pursuant to 11 U.S.C. § 109(h)(3). *Hubbard* also cited 11 U.S.C. § 301, which provides that a voluntary case is only commenced by the filing of a petition by a party who may be a debtor. *Id.* at *8. *See also In re Cleaver,* 2005 WL 3099686 at *5 (Bankr. S.D. Ohio Nov. 17, 2005) ("Pursuant to the newly enacted changes to the Bankruptcy Code, an individual must receive briefing prior to filing for bankruptcy protection, or he must submit a certification to the court describing exigent circumstances and detailing the unavailability of the credit briefing during the five days after requesting it.").

Under the BAPCPA, Congressional intent is clear that credit counseling is required *prior* to filing, as a prerequisite for bankruptcy relief, to provide putative debtors with the opportunity to make informed choices as to financial alternatives available, including the possibility of seeking bankruptcy protection. *See* H.R. Rep. 109-31(I), at 89 ("[BAPCPA] requires debtors to receive credit counseling **before they can be eligible for bankruptcy relief** so that they will make an informed choice about bankruptcy, its alternatives, and consequences.") and at 104 (2005) ("[t]he legislation's credit counseling

4

provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy-such as the potentially devastating effect it can have on their credit rating  - **before** they decide to file for bankruptcy relief.") (emphasis supplied).  If a filing is dismissed, as opposed to stricken, as consequence of the failure to seek credit counseling prior to the bankruptcy filing, then debtors may not be eligible for the full panoply of protections provided by 11 U.S.C. § 362 if they choose, after rectifying their error in failing to seek credit counseling, to file for bankruptcy protection in the future.  *See, e.g.* 11 U.S.C. § 362(c)(3) (terminating automatic stay 30 days after second bankruptcy filing if more than a single case is filed by an individual debtor within the prior year and placing the burden on debtor to seek an extension of the automatic stay).[2]  The Court thinks that dismissal for failure to seek credit counseling achieves a result Congress intended to avoid; that is, future limitation of debtor protection under the BAPCPA.  Indeed, Congress could have made failure to seek credit-counseling cause for dismissal under the revised 11 U.S.C. § 707, but did not.  In enacting § 109(h)(1), Congress sought to enlarge debtors' options in the face of financial difficulty, not limit them.  Congress intended that debtors would inform themselves of their options *prior* to bankruptcy filing by participating in credit counseling, and if bankruptcy continued to be the best option, debtors could avail themselves of that alternative.   It is therefore

---

[2] In rendering this opinion, the Court is not unmindful of the decision in *In re Flores*, 291 B.R. 44, 51 (Bankr. S.D.N.Y. 2003) (bankruptcy petition filed in violation of 11 U.S.C. § 109(g) did not render the bankruptcy filing *void ab initio*).  The interpretation of § 109(h) in this opinion has far reaching implications for both debtors and creditors.  The Court agrees with the procedure in *Flores* that required creditors to seek a court determination as to whether a case was properly commenced prior to taking any action in reliance on debtors' eligibility pursuant to § 109.  In writing this opinion, the Court considers that under the BAPCPA version of § 362, the stay is considerably "less automatic." The Court therefore cautions all debtors and creditors to carefully read all applicable provisions of the Bankruptcy Code to determine if the stay is in effect.  A party in interest, including a debtor, can only be certain that a case has not been commenced because of a failure to comply with § 109(h) after a court has ruled that the filing is *void ab initio*.

apparent that Congress did not intend the credit-counseling requirement to limit the availability or extent of bankruptcy relief for debtors, which dismissal would accomplish, and thus, dismissal is inappropriate. The Court instead finds that because the Debtor was ineligible for bankruptcy relief; the bankruptcy case was never properly commenced and is therefore stricken.

## CONCLUSION

Based upon the foregoing, it is the Court's belief that Congress did not intend for debtors to enjoy the protections, or suffer the consequences, provided in the Bankruptcy Code unless or until they received the credit counseling required by 11 U.S.C. § 109(h). For the reasons set forth above, the Debtor's case is stricken.

Dated: Poughkeepsie, New York
       December 19, 2005

                                                          ____/s/ CECELIA G. MORRIS_____
                                                           Cecelia G. Morris, U.S.B.J.